United States District Court
Southern District of Texas
**ENTERED**
March 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID H. RUSSELL FAMILY LTD. PARTNERSHIP, LLLP, § § § Plaintiff, § VS. § STEPHEN H DERNICK, *et al*, § § Defendants. § | § § § § § CIVIL ACTION NO. 4:17-CV-1230 § § § § |

## ORDER AND OPINION OF CONSOLIDATION

Before the Court is Defendants Stephen H. Dernick and David D. Dernick's (collectively, the "Dernicks" or "Defendants") Motion to Consolidate this action with *Northstar Gas Ventures, LLC, v. Dernicks*, Civil Action No. 4:17cv-1266. Doc. 18. Plaintiff Northstar Gas Ventures, LLC ("Northstar") responded, Doc. 21, Plaintiff David H. Russell Family Limited Partnership, LLLP ("Russell") separately responded, Doc. 22, and the Dernicks replied, Doc. 23. Then, in February of 2018, Russell amended its response to support consolidation, Doc. 34, Northstar re-urged its objections to consolidations, Doc. 35, and Russell responded to Northstar, again, in favor of consolidation, Doc. 36. In both cases and in very similar pleadings, Russell and Northstar assert the Dernicks breached their promissory notes by failing to pay. Docs. 1 & 1 under cause nos. 4:17-CV-01230 and 4:17-CV-01266. After considering these documents and the applicable law, the Court grants consolidation of Civil Action No. 4:17-CV-01230 and 4:17-CV-01266.

Federal Rule of Civil Procedure 42(a) provides,

> If the actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

A court has wide discretion in deciding whether two or more actions have common questions of law and fact and whether consolidation would save time and money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). Factors for the court to consider in determining if consolidation is appropriate are whether (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, Nos. H–01–3624, *et al.*, 2007 WL 446051, *1 (S.D. Tex. Feb. 7, 2007). The Court may order consolidation even where the parties are opposed to it and its determination many "take precedence over the desires of counsel." *Id.* (citing *In re Air Crash Disaster at Florida Everglades on Dec. 19, 1972*, 549 F.2d 1006, 1013, 1014 (5th Cir. 1977)). District courts frequently consolidate cases before them that overlap substantially. *Gate Guard Services, LP v. Solis*, Civ. A. No. V–10–91, 2011 WL 2784447, *14 (S.D. Tex. July 12, 2011), citing *O'Hare v. Vulcan Capital, LLC*, No. SA–04–CA–566–OG, 2007 WL 996437, *3 (W.D. Tex. Feb. 20, 2007).

Consolidation does not merge suits into a single cause of action or change the rights of the parties, *In re Enron*, 2007 WL 446051, *1 (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1983) ("[A]ctions maintain their separate identity even if consolidated"); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to merge from two"); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.

1984) (courts have emphasized that following consolidation it is vital that "the two suits retain their separate identities" even to the point that each requires "the entry of a separate judgment.").

These two cases are (1) in the Southern District of Texas, they have a (2) common defendant, the Dernicks, they have (3) common issues of law and fact concerning interpretation of the notes: the case arises out of the Dernicks' alleged failure to pay on nearly identical promissory notes, and subsequent agreements signed by both Russell and Northstar, *see* Docs. 1 & 1, Ex. A–D, there is (4) no risk of confusion, and (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately. As to the (6) pleading stage, both Russell and Northstar have filed nearly identical Motions for Summary Judgment, and the Dernicks have responded with nearly identical responses and cross-motions in both cases. Docs. 12 & 16 under No. 4:17-CV-01230; Docs. 10 & 12 under No. 4:17-CV-01266.

As to differences, Russell's case is assigned to Judge Melinda Harmon's court and Northstar's case is assigned to Judge David Hinter's court. The scheduling order is different. Also, Russell has moved to strike portions of the Dernicks' Cross-Motion for Final Summary Judgment, Doc. 20, and Northstar has filed a Motion for Extension of Time Discovery, Doc. 26. Next, Bluescape Riley Exploration Acquisition, LLC and Northstar have filed a Motion to Quash in Northstar's case, Doc. 21 & 23. Russell and Northstar are represented by different counsel. Thus, in weighing the factors, the Court finds the scale is heavily weighted towards consolidation.

In its most recent Response, Northstar contends that the cases should not be consolidated because it is not a necessary party to the other suit, the discovery deadline in its suit passed on March 1, and a delay to a later trial date could result in "depletion of assets by the Defendants." Doc. 35. Taking the assertions in reverse order, the scheduling deadlines will be vacated pending

resolution of the motions and cross-motions for summary judgment that all parties contend will quickly dispose of the case. Also, the Court notes that Northstar is requesting additional time for discovery, and so it cannot also contend that discovery deadlines are a basis to avoid consolidation. Finally, Northstar does not provide any authority for its assertion that consolidation is only appropriate where it is a necessary part. Docs. 21 & 35. Thus, the Court holds that none of Northstar's assertions counterbalance the other factors favoring consolidation.

Having considered Northstar's assertions, Docs. 21 & 35, and the factors above, the Court finds that consolidation is appropriate and **ORDERS** that the Dernicks' Motion to Consolidate, Doc. 18, is **GRANTED**, and the cases shall proceed under Civil Action No 4:17-CV-01230. The Court further

**ORDERS** that the existing scheduling orders are vacated pending the resolution of the motions for summary judgment. The Court further

**ORDERS** upon consolidation and vacation of scheduling orders, Northstar's Motion for Extension of Time Discovery, Doc. 26, will be **DENIED** as moot.

SIGNED at Houston, Texas, this 7th day of March, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE